UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:08 CR 101 |
| | ) | |
| KEVIN FITZPATRICK | ) | |

## OPINION and ORDER

This matter is before the court on defendant's motion to dismiss proceedings against him due to unnecessary delay. (DE # 36.) The facts pertinent to this motion are not in dispute. On January 6, 2010, Magistrate Judge Paul Cherry signed an order, on the request of defendant's probation officer, regarding defendant's alleged violation of the terms of his supervised release. At this time, defendant was incarcerated at Jasper County Jail on a non-federal offense. On February 16, 2010, defendant's term of imprisonment at Jasper concluded. However, officials at Jasper continued to detain defendant because they believed there was a federal hold on defendant. Defendant was transported to the United States District Court in Hammond, Indiana, on March 1, 2010, for his initial appearance before Magistrate Judge Cherry regarding his alleged violation of the terms of his supervised release. Defendant seeks dismissal of proceedings against him because he was detained by state officials for 13 days after his non-federal sentence ended, without being brought before a judicial officer with regard to revocation of supervised release in violation of his Fifth Amendment rights.

In *Morrissey v. Brewer,* 408 U.S. 471, 488 (1972), the Supreme Court articulated the due process requirements for purposes of parol revocation proceedings, which were extended to apply to probation revocation hearings in *Gagnon v. Scarpelli,* 411 U.S. 778,

782 (1973), and to supervised release revocation hearings by the Seventh Circuit in *United States v. Kelley,* 446 F.3d 688, 690-91 (7th Cir. 2006). These due process requirements are also now codified in FEDERAL RULE OF CRIMINAL PROCEDURE 32.1. RULE 32.1(a) requires that "[a] person held in custody for violating probation or supervised release must be taken without unnecessary delay before a magistrate judge." In order to establish that his due process rights were violated, defendant must show that the delay caused him "actual and substantial prejudice." *United States v. Smith,* 80 F.3d 1188, 1191 (7th Cir. 1996).

Defendant argues that he was prejudiced by the delay in three respects. Each fails as a matter of law given the undisputed facts. First, defendant also argues that he was prejudiced by the delay because it has left his alcoholism untreated. The United States Supreme Court stated that a prisoner's deprivation of the opportunity to participate in institutional prison programs resulting from the lack of prompt parole revocation hearing did not implicate due process because prisoners have no constitutional entitlement to participation in such programs. *Moody v. Daggett,* 429 U.S. 78, 88 n.9 (1976). Thus, defendant's argument fails because he has no constitutional entitlement to treatment for alcoholism.

Second, defendant argues that he was prejudiced by the delay because it has deprived him of the opportunity to serve any sentence that might be imposed for violation of his supervised release concurrently with his state imprisonment. Defendant does not have a right to serve any state sentence concurrently with his federal sentence, and the mere possibility that the court would have allowed defendant to do so is not

2

sufficient to establish "actual prejudice." *Smith*, 80 F.3d at 1192 (rejecting defendant's argument that he suffered actual prejudice by losing opportunity to serve state theft sentence concurrently with federal supervised release revocation sentence).

Finally, defendant argues that he was prejudiced simply by the loss of his liberty for 13 days. However, this does not constitute "actual and substantial prejudice." *Id.* at 1191-92. The prejudice suffered "'must be concrete and substantial; a defendant is not deprived of due process if he is only somewhat prejudiced by the lapse of time.'" *Id.* at 1192 (quoting *United States v. Canoy,* 38 F.3d 893, 902 (7th Cir. 1994) (internal quotation marks omitted)). In a recent, factually analogous case, the Ninth Circuit Court of Appeals held that a defendant who was held in state custody for four months due to the existence of a federal warrant for violation of the terms of his supervised release was not deprived of his due process rights, even though the delay was attributable to the government's neglect. *United States v. Santana,* 526 F.3d 1257, 1260-61 (9th Cir. 2008). The court rejected the defendant's contention that he was prejudiced because he had to endure the anxiety of awaiting his initial appearance before the magistrate, and held that the defendant suffered no actual prejudice. *Id.* Having shown no other actual prejudice in this case, defendant's argument that he experienced a loss of liberty for 13 days similarly fails.

For the foregoing reasons, defendant's motion to dismiss for unnecessary delay (DE # 36) is **DENIED.**

**SO ORDERED.**

Date: April 15, 2010

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT